# EXHIBIT A

FILED
GARY L. HARRISON
CLERK SUPERIOR COURT

20 APR 14 PM 1:41

BY _____
Kevia Toledo

1   Name _Antjuan Brisco_
2   Address _A.S.P.C. Tucson, Manzanita Unit, P.O. Box 24401, Tucson_
    City, State, Zip _Tucson, Az 85734_

3           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

4               IN AND FOR THE COUNTY OF _PIMA_

5   (INMATE'S NAME)
6   _ANTJUAN BRISCO_                    No. **C 2 0 2 0 1 7 2 3**
7            Plaintiff,                 STATE COURT COMPLAINT
                                        JURY DEMANDED TRIAL
8        v.                             SUPPLEMENTAL JURISDICTION
    _DAVID SHINN, COII DURAN_           VERIFIED
9            Defendant
10                                      BRENDEN GRIFFIN
11
12

13  I.    JURISDICTION (Where there are jurisdictional grounds, set forth.) _This is a Civil
    RIGHTS action filed by Antjuan Brisco, a state Prisoner, for damages under
14  under 42 USC. §1983. This court has further jurisdiction over plaintiffs claims
    of violation of federal constitutional rights under 42 U.S.C. §§ 1331(a)
15  and 1343. This court also has Supplemental jurisdiction over State Law
    claims under 28 U.S.C. §§ 1367._
16  II.   PLAINTIFF (Identify the Plaintiff.) _The Plaintiff, Antjuan Brisco is now
    incarcerated in the Arizona Dept. of Corrections, Tucson Complex,
17  Manzanita Unit_

18
19  III.  DEFENDANT (Identify the Defendant.) _The Defendants are:
20  COII Duran, is the Correctional Transport Van Driver which carries
    plaintiff and inmates to medical and/or other transportation destinies.
21  COII Villicana, is also a Correctional Transport driver carrying
    inmates to Medical and other destinations.
22  L. Palmer-Keefe, is the Director of Nursing of the Az. Dept. of
23  Corrections, Tucson Complex.
    David Shinn, is the Director of the Az. Dept. of Corrections, he
24  promulgates and implements policy.
25  Defendant _____, is the Supervisor in charge of
26  Transportation for the Tucson Complex.
    Defendant, Yolanda Elliott, Deputy Warden of Operations
27  at Tucson Complex.
    Defendants, COII Cota and COII Rochester are
28  staff employees at CDU (Complex Detention Unit)._

Defendant, MS. Roberts is the Tucson Complex Warden.
All defendants are being sued in their Individual Capacity. All defendants
have acted and continue to act under Color of STATE LAW at all times
relevant to this complaint.

**IV.   EVENTS** (Set forth the facts necessary in support of the claim.)

1. That, Plaintiff is a "qualified individual with a disability."
He has been confined to a Wheelchair for four (4) years.

2. That, ADC's Transportation Policy states in pert. pt. that,
C.O.'s are not permitted to physically remove inmates from
their wheelchairs, they are required to bring [Transportation
with Wheelchair LIFTS] for the movement of inmates.

3. That, on March 1, 2019, plaintiff was incarcerated in
Winchester Detention Unit awaiting to be transported to C.D.U. See pg. 24

**V.   APPLICABLE LAW SUPPORTING CLAIM** (Set forth applicable law.)

FARMER-v-Brennan, 511 U.S. 825 (1994)
Billman-v- Indiana Dept. of Corrections, 56 F.3d 785, 788 (7th Cir. 1995)

**VI.   INJURIES** (Set forth injuries and damages.)

Plaintiff was dropped on his head & face and was bang-up
when hitting the vehicle. Plaintiff has suffered Emotional
Distress, loss of mobility in shoulder, he can no longer transport
himself in the Wheelchair, he has to depend on others.

EVENTS

CONTINUED - Pg. 2/4

4.    upon the arrival of Transport CO's DURAN and Vicicana
driving a Transportation Van without a [Wheelchair LIFT] as
required by Policy.

5.    That, both Duran and Vicicana decided not to bring/drive
ADC's Transport Van with a LIFT because of the following reasons:
(a.) Late Hours about 11:00 p.m.; (b.) the time it takes to schedule
a transport Van with a LIFT; (c.) their shift was close to ending.

6.    That, as a proximate cause and result of both defendants
failure to use & follow proper instructions on ADC's Transportation
policy, defendants physically lifted/removed plaintiff from his
wheelchair by hand, defendants loss control and balance of
plaintiff and [dropped him face first] into ADC's Transport Van,
then to the ground.

7.

7.    That, Plaintiff was both handcuffed and shackled,
the fall caused facial scarring, brusing, pain and limited mobility

8.    That, Plaintiff was seen/consulted LPN SweetApple for
the above injuries, the provider advised plaintiff to, give it a
couple of days to see if the pain subsides and his mobility returns,
if not, put in an HNR, LPN SweetApple did NOT make arrangements
for a Transport Van with a LIFT for plaintiffs safe return.

2/4

9.   Plaintiff was transferred to Manzanita Unit to seek Medical Attention for shoulder injury without being Transferred posted in a Van with a LIFT for wheelchair.

10.   That, plaintiff can no longer navigate or push himself in a wheelchair because of the pain and limited mobility. His shoulder pops in and out of place causing severe pain.

11.   That, during the same night March 1, 2019, COII Cota and COII Rochester transported plaintiff back to Winchester Unit without the use of a Transport Vehicle with a LIFT, but with an on-going and Continued violation of ADL's D.O. policy and in violation of the Americans with Disabilities Act.

12.   That, plaintiff has an ongoing and Continuous pain and suffering and limited mobility as he has to be [pushed] by inmates to any and everywhere — to and from Cafeteria, medical appointments, Restroom.

13.   That, on 06/04/19, Plaintiff submitted a Inmate Informal Complaint. On 6/05/19, COII Vance responded. Shortly thereafter, plaintiff submitted an Inmate Grievance to COII Woods. He never, logged, responded or returned to plaintiff.

14.   That, on 6/5/19, plaintiff filed an Inmate Grievance Appeal, COII Vance accepted it but plaintiff never recieved a Response from the Director, Charles Ryan / David Shinn.

2½.

## CLAIMS FOR RELIEF - 8th AMENDMENT - CRUEL & UNUSUAL PUNISHMENT

15. The actions of Defendants, DURAN and Villicana arrival at Winchester Unit to transport plaintiff to CDU without a "LIFT Transport Van" was deliberately indifferent to ADC's Transportation policy and to the Americans with Disabilities Act.

16. That, after arriving at Winchester Unit and seeing Plaintiff was in a Wheelchair and knowing they could not Transport him without a Transport Van with a LIFT, defendants Duran and Villicana had two choices to either not transport Plaintiff at all or to demand their Supervisor provide the proper Transport Vehicle with a LIFT.

17. That, defendants reckless disregard and failure to do a [required act] created an unreasonable risk of harm to plaintiff when defendants failed to call for the proper Transport Vehicle w/ a LIFT.

18. That, defendants Duran & Villicana were "Consciously indifferent to the consequences" that did indeed occur when opting to remove pla physically remove plaintiff from his wheelchair to place him in their obsolete transport Van without a LIFT.

19. That, as a result defendants dropped Plaintiff on his head seriously injuring him. One (1) Year has passed since the incident and plaintiff is in pain, his shoulder is not reparable and his mobility has not returned. Defendants Duran & Villicana were deliberately indifferent.

2 3/4

20.  That, defendant L. Palmer-Keefe, acted with deliberate indifference when failing to notify the Supervisor of Transport that a Medical Wheelchair patient will be needing a Transportation Van with a LIFT.

21.  That, defendant L. Palmer-Keefe, recklessly disregarded his/her duties as Director of Nursing to contact the Transport Supervisor to ensure that arriving C.O.'s would have medical Transportation w/ a LIFT for plaintiff, a medical patient.

22.  That, defendant, L. Palmer, Keefe possessed Plaintiff's medical Reports, AIMS files and diagnosis explaining his disabilities therefore, any movement whatsoever by plaintiff was medical by nature of his disabilities and any Transport made needed to be made by a LIFT Van. Therefore, Keefe was deliberately indifferent to plaintiff's American Disabilities Act requirements.

23.  That, Defendant, Supervisor of Duran and Viviicana acted with deliberate indifference when he failed to organize a FAIL SAFE mechanism to safeguard/counteract the effects of a possible source of failure to communicate with the DON and/or C.O.'s of an inmate patient needs for a Transport Van w/ a LIFT.

24.  That, the Supervisor                failed to train & supervise his transport officers/Drivers to check before leaving their assigned Units for the type of Vehicle needed to accommodate the inmates needs.

3

25. That, defendants CNII Cota and Rochester were deliberately indifferent when transporting plaintiff back to Winchester prison Unit in a transport Van without a LIFT.

26. That, defendants recklessly disregarded a known fact that plaintiff was dropped on his head do to defendant Duran & Vicicawa's failure to arrive with proper Transport.

## DAMAGES:

27. Plaintiff prays for Judgment in the Sum of $90,000.00 for proximate Damages for injuries directly and immediately and naturally flowing from the negligent acts of CNII's Duran, Vicicana, Cote and Rochester.

28. Plaintiff prays for relief in the Sum of $150,000.00 for Compensatory damages sufficient in amount to indemnify plaintiff for the loss he suffered.

29. Plaintiff seeks judgment in the Sum of $250,000.00 for punitive damages in addition to actual damages because defendants acted with recklessness and to punish thereby deter blameworthy conduct.

30. $200,000.00, jointly and severally against defendants

3 1/4

31.
25. $100,000.00 jointly and severally against defendants for the punishment for the 8th Amendments Violations.

32.
26. Grant such other relief as it may appear that plaintiff is entitled.

33.
27. Plaintiff requests Attorney Fees

            RESPECTFULLY Submitted,

                    Antjuan D. Brisco
                    Antjuan Brisco
                    Plaintiff-Pro-Se

3 ½

1  VII.   DEMAND FOR RELIEF (Set forth the relief sought.)

2        See, pages 3½/4

3

4

5

6

7

8

9

10  DATED this __3__ day of __Feb,__ , 20 _20_.

11

12

13                              Cristian D. Brisco
                                    (Signed)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                              **VERIFICATION**

2   STATE OF ARIZONA

3

4   County of _Pima_      ss.    VERIFICATION OF _Lawsuit_

5      I, _Antjuan BRISCO_ being first duly sworn upon oath, deposes and says as

6   follows:

7      1. I am the name Plaintiff in the civil action known as Complaint for violation of [_identify_]

8   _8ᵗʰ Amendment_

9      2. I have read the foregoing pleading, and know the contents thereof.

10      3. The statements and matters alleged therein are true of my own personal knowledge, except

11   as to those matters stated upon information and belief and, as to such matters, I believe them to be

12   true.

13      DATED this _30_ day of _January_, 20 _20_.

14

15                                [_Signed_] _Antjuan D Brisco_

16                                [_Typed/Printed Name_] _Antjuan D Brisco_

17                                [_Party_]

18

19   State of Arizona

20   County of _Pima_

21   The foregoing instrument was acknowledged before me this _30th_ day of _January_, 20 _20_

22   by _Antjuan Brisco_

23

24                       (Name) _Monica John Valenzuela_ Notary Public.

25                MONICA JO-ANN VALENZUELA    any) _____

26               Notary Public - State of Arizona
                  PIMA COUNTY
                  Commission # 550082
                  Expires August 25, 2022

27   My commission expires on _August 25, 2022_

28

# EXHIBIT B

*Brisco v. Shinn, et al.*
**Case No. C20201723 (Pima County Superior Court)**

### INDEX OF STATE COURT FILINGS

| No. | Date Filed | Description of Filing |
|-----|-----------|----------------------|
| 1 | 4/14/20 | Fastar Certificate |
| 2 | 4/14/20 | Certificate of Compulsory Arbitration |
| 3 | 4/14/20 | Petition and Complaint |
| 4 | 4/14/20 | Order for Deferral or Waiver |
| 5 | 4/14/20 | Civil Cover Sheet |
| 6 | 4/14/20 | Application for Deferral or Waiver of Court Costs/Fees/Service |
| 7 | 4/14/20 | Affidavit in Support |
| 8 | 4/14/20 | Money Receipt  #3220662 |
| 9 | 5/20/20 | Affidavit of Service |
| 10 | 5/28/20 | Money Receipt #3236882 |
| 11 | 6/2/20 | Notice to the Court |
| 12 | 6/4/20 | In Chambers Notice to Self-Represented Litigants |
| 13 | 6/8/20 | Notice of Impending Dismissal |
| -- | -- | Docket |
| -- | 6/8/20 | Summons to Defendant Shinn |

8783527

**1**

NAME: AntJuan Brisco
ADDRESS: ASPC-TUCSON
Monganite Unit PO Box 24401
TELEPHONE: _____
REPRESENTING: _____

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT

20 APR 14 PM 2: 31

BY Karla Toledo
DEPUTY

## ARIZONA SUPERIOR COURT, PIMA COUNTY

AntJua Brisco
Plaintiff,

CASE NO: C20201723

v. David Shinn; CO II Duan
Defendant.
et. all

## RULE 102(a) FASTAR CERTIFICATE

BRENDEN GRIFFIN

The undersigned certifies that he or she knows the eligibility criteria set by FASTAR Rule 101(b) and

certifies that this case:

**(NOTE – YOU MUST CHECK ONE OF THE BOXES BELOW OR THE CLERK WILL NOT ACCEPT THIS FORM.)**

[X] **DOES** meet the eligibility criteria established by Rule 101(b); or

[ ] **DOES NOT** meet the eligibility criteria established by Rule 101(b).

Dated: 2-3-20

_____
SIGNATURE

2

FILED
GARY L. HARRISON
CLERK. SUPERIOR COURT

20 APR 14  PM 2:31

Karla Toledo

BY _____
DEPUTY

NAME: _Antjuan Brisco_
ADDRESS: _ASPC-Tucson, Santa Rita Unit, P.O. Box 24401,_
_Tucson, Arizona  85734_
TELEPHONE: _____
REPRESENTING SELF

## ARIZONA SUPERIOR COURT, PIMA COUNTY

_Antjuan Brisco_
Plaintiff,

_David Shinn, COII Duran_
Defendant.

CASE NO: **C20201723**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

BRENDEN GRIFFIN

The undersigned certifies that he or she knows the dollar limits set by Pima County Local Rule 4.2 for compulsory arbitration and certifies that the largest award sought by the Complainants, including punitive damages, but not including interest, attorneys' fees, and costs:

## (NOTE - YOU MUST CHECK ONE OF THE BOXES BELOW OR

## THIS FORM WILL NOT BE ACCEPTED)

☑ **DOES** exceed $50,000 and **IS NOT** subject to compulsory arbitration; or

☐ **DOES NOT** exceed $50,000 and **IS** subject to arbitration.

I understand that I must promptly amend this Certificate if I obtain information that indicates the above claim was incorrect when made or, though correct when made, is no longer true.

Dated: _2·3·20_

_Antjuan D. Brisco_
SIGNATURE

Rev: 1/24/2014

3

FILED
GARY L. HARRISON
CLERK OF SUPERIOR COURT

20 APR 14 PM 1:41

BY _____
Kevia Toledo

1   Name Antjuan Brisco
2   Address A.S.P.C. Tucson, Manzanita Unit, P.O. Box 24401, Tucson
    City, State, Zip Tucson, Az 85734

3       IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
4           IN AND FOR THE COUNTY OF PIMA

5   (INMATE'S NAME)
6   ANTJUAN BRISCO                    No. C 2 0 2 0 1 7 2 3
7              Plaintiff,             STATE COURT COMPLAINT
                                      JURY DEMANDED TRIAL
8       v.                            SUPPLEMENTAL JURISDICTION
    DAVID SHINN, COII DURAN           VERIFIED
9              Defendant

10                                    BRENDEN GRIFFIN

11

12

13  I.    JURISDICTION (Where there are jurisdictional grounds, set forth.) This is a Civil
    RIGHTS action filed by Antjuan Brisco, a STATE PRISONER, for damages under
14  Under 42 USC. § 1983. This court has Further Jurisdiction over plaintiff's claims
    of violation of Federal constitutional rights under 42 U.S.C. §§ 1331(a)
15  and 1343. This court also has Supplemental Jurisdiction over STATE LAW
    Claims under 28 U.S.C. § 1367.
16  II.   PLAINTIFF (Identify the Plaintiff.) The Plaintiff, Antjuan Brisco is now
    Incarcerated in the ARIZONA Dept. of Corrections, Tucson Complex,
17  Manzanita Unit

18

19  III.  DEFENDANT (Identify the Defendant.) The Defendants are:
20  COII Duran, is the Correctional Transport Van Driver which carries
    plaintiff and inmates to Medical and/or other transportation destinies.
21  COII Villicana, is also a Correctional Transport driver carrying
    inmates to Medical and other destinations.
22  L. Palmer-Keefe, is the Director of Nursing at the Az. Dept. of
23  Corrections, Tucson Complex.
    David Shinn, is the Director of the Az. Dept. of Corrections, he
24  Promulgates and implements policy.
25  Defendant _____, is the Supervisor in charge of
26  Transportation For the Tucson Complex.
    Defendant, Yolanda Elliott, Deputy Warden of Operations
27  at Tucson Complex.
    Defendants, COII Cota and COII Rochester are
28  Staff employees at CDU (Complex Detention Unit).

Defendant, Ms. Roberts is the Tucson Complex Warden.
All defendants are being sued in their Individual Capacity. All defendants
have acted and continue to act under Color of STATE LAW at all times
relevant to this complaint.

IV.    EVENTS (Set forth the facts necessary in support of the claim.)

1.    That, Plaintiff is a "qualified individual with a disability."
He has been confined to a Wheelchair for four (4) years.

2.    That, ADC's Transportation Policy states in pert. pt. that,
C.O.'s are not permitted to physically remove inmates from
their Wheelchairs, they are required to bring [Transportation
with Wheelchair LIFTS] for the movement of inmates.

3.    That, on March 1, 2019, plaintiff was incarcerated in
Winchester Detention Unit awaiting to be transported to C.D.U. See pg. 2½

V.    APPLICABLE LAW SUPPORTING CLAIM (Set forth applicable law.)

FARMER-v-Brennan, 511 U.S. 825 (1994)
Billman-v- Indiana Dept. of Corrections, 56 F.3d 785, 788 (7ᵗʰ Cir. 1985)

VI.    INJURIES (Set forth injuries and damages.)

Plaintiff was dropped on his head & face and was bang-up
when hitting the vehicle. Plaintiff has suffered Emotional
Distress, loss of mobility in shoulder, he can no longer transport
himself in the Wheelchair, he has to depend on others.

-2-

EVENTS
CONTINUED - Pg. 2¼

4.    UPON the arrival of Transport CO's DURAN and Vilicaña
driving a Transportation Van without a [Wheelchair LIFT] as
required by policy.

5.    That, both Duran and Vilicaña decided not to bring/drive
ADC's Transport Van with a LIFT because of the following reasons:
(a.) Late Hours about 11:00 p.m.; (b) the time it takes to schedule
a transport Van with a LIFT; (c.) their Shift was close to ending.

6.    That, as a proximate cause and result of both defendants
failure to use & follow proper instructions on ADC's Transportation
policy, defendants physically lifted/removed plaintiff from his
Wheelchair by hand, defendants loss control and balance of
plaintiff and [dropped him face first] into ADC's Transport Van,
then to the ground.
7.
7.    That, Plaintiff was both handcuffed and Shackled,
the fall caused facial scarring, bruising, pain and limited mobility

8.    That, Plaintiff was seen/consulted LPN SweetApple for
the above injuries, the provider advised plaintiff to, give it a
couple of days to see if the pain subsides and his mobility returns,
if not, put in an HNR, LPN SweetApple did NOT make arrangements
for a Transport Van with a LIFT for plaintiff's safe return.

9.    Plaintiff was transferred to Manzanita Unit to seek
Medical attention for shoulder injury without being transferred ~~transferred~~
in a Van with a LIFT for wheelchair.

10.    That, plaintiff can no longer navigate or push himself
in a wheelchair because of the pain and limited mobility. His
shoulder pops in and out of place causing severe pain.

11.    That, during the same night March 1, 2019, COII Cota and
COII Rochester transported plaintiff back to Winchester Unit without
the use of a Transport Vehicle with a LIFT, but with an on-going
and Continued violation of ADL's D.O. policy and in Violation of the
Americans with Disabilities Act.

12.    That, plaintiff has an ongoing and Continuous pain and suffering and
limited mobility as he has to be [pushed] by inmates to any and everywhere —
to and from Cafeteria, medical appointments, Restroom.

13.    That, on 06/04/19, Plaintiff submitted a Inmate Informal
Complaint. On 6/05/19, COII Vance responded. Shortly thereafter,
plaintiff submitted an Inmate Grievance to COII Woods. He never,
logged, responded or returned to plaintiff.

14.    That, on 6/5/19, plaintiff filed an Inmate Grievance
appeal, COIII Vance accepted it but plaintiff never received
a Response from the Director, Charles Ryan / David Shinn.

2½.

## CLAIMS FOR RELIEF - 8ᵗʰ AMENDMENT - CRUEL & UNUSUAL PUNISHMENT

15. The actions of Defendants, Duran and Viuicana arrival at Winchester Unit to transport plaintiff to CDU without a "LIFT Transport Van" was deliberately indifferent to ADC's Transportation policy and to the Americans with Disabilities Act.

16. That, after arriving at Winchester Unit and seeing Plaintiff was in a Wheelchair and knowing they could not transport him without a Transport Van with a LIFT, defendants Duran and Viuicana had two choices to either not transport Plaintiff at all or to demand their supervisor provide the proper Transport Vehicle with a LIFT.

17. That, defendants reckless disregard and failure to do a [required act] created an unreasonable risk of harm to plaintiff when defendants failed to call for the proper Transport Vehicle w/ a LIFT.

18. That, defendants Duran & Viuicana were "Consciously indifferent to the consequences" that did indeed occur when opting to ~~remove pla~~ physically remove plaintiff from his wheelchair to place him in their obsolete transport Van without a LIFT.

19. That, as a result defendants dropped Plaintiff on his head seriously injuring him. One (1) year has passed since the ~~ind~~ incident and plaintiff is in pain, his shoulder is not repairable and his mobility has not returned. Defendants Duran & Viuicana were deliberately indifferent.

2 3/4

20.   That, defendant L. Palmer-Keefe, acted with deliberate indifference when failing to notify the Supervisor of Transport that a Medical Wheelchair patient will be needing a Transportation Van with a LIFT.

21.   That, defendant L. Palmer-Keefe, recklessly disregarded his/her duties as Director of Nursing to contact the Transport Supervisor to ensure that arriving C.O.'s would have medical Transportation w/ a LIFT for plaintiff, a medical patient.

22.   That, defendant, L. Palmer, Keefe possessed Plaintiff's medical Reports, AIMS files and diagnosis explaining his disabilities therefore, any movement whatsoever by plaintiff was medical by nature of his disabilities and any Transport made needed to be made by a LIFT Van. Therefore, Keefe was deliberately indifferent to plaintiff's American Disabilities Act requirements.

23.   That, defendant, Supervisor of Duran and Vilicana acted with deliberate indifference when he failed to organize a FAIL SAFE mechanism to safeguard/counteract the effects of a possible source of failure to communicate with the DON and/or C.O.'s of an inmate patient needs for a Transport Van w/ a LIFT.

24.  That, the Supervisor                failed to train & supervise his transport officers/Drivers to check before leaving their assigned Units for the type of Vehicle needed to accommodate the inmates needs.

3

25. That, defendants CMI Cota and Rochester were deliberately indifferent when transporting plaintiff back to Winchester prison Unit in a Transport Van without a LIFT.

26. That, defendants recklessly disregarded a known fact that plaintiff was dropped on his head do to defendant Duran & Vicicawa's failure to arrive with proper Transport.

## DAMAGES:

27. Plaintiff prays for Judgment in the Sum of $90,000.00 for proximate Damages for injuries directly and immediately and naturally flowing from the negligent acts of CMI's Duran, Vicicana, Cote and Rochester.

28. Plaintiff prays for relief in the sum of $150,000.00 for Compensatory damages sufficient in amount to indemnity plaintiff for the loss he suffered.

29. Plaintiff seeks judgment in the Sum of $250,000.00 for punitive damages in addition to actual damages because defendants acted with recklessness and to punish thereby deter blame worthy conduct.

30. $200,000.00, jointly and Severally against defendants

3 4/4

31.
25. $100,000.00 jointly and severally against defendants for the punishment for the 8th Amendments Violations.

32.
26. Grant such other relief as it may appear that plaintiff is entitled.

33
27. Plaintiff requests Attorney Fees

RESPECTFULLY Submitted,

_Antjuan D. Brisco_
Antjuan Brisco
Plaintiff-Pro-se

3 ½

1  VII.   DEMAND FOR RELIEF (Set forth the relief sought.)

2       *See, pages 3 1/4*

3

4

5

6

7

8

9

10  DATED this __3__ day of __Feb.__, 20 __20__.

11

12

13                                        _Antuan D. Brisco_
                                          (Signed)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-0- -4-

1                                **VERIFICATION**

2   STATE OF ARIZONA

3

4   County of _Vima_       ss.    VERIFICATION OF _Lawsuit_

5      I, _Antjuan BRISCO_ being first duly sworn upon oath, deposes and says as

6   follows:

7      1. I am the name Plaintiff in the civil action known as Complaint for violation of [*identify*]

8   _8th Amendment_

9      2. I have read the foregoing pleading, and know the contents thereof.

10      3. The statements and matters alleged therein are true of my own personal knowledge, except

11   as to those matters stated upon information and belief and, as to such matters, I believe them to be

12   true.

13      DATED this _30_ day of _January_, 20_20_.

14

15                             [*Signed*] _Antjuan D Brisco_

16                             [*Typed/Printed Name*] _AntjuAn D Brisco_

17                             [*Party*]

18

19   State of Arizona

20   County of _Pima_

21   The foregoing instrument was acknowledged before me this _30th_ day of _January_, 20_20_

22   by _Antjuan Brisco_

23

24                (Name) _Monica JoAnn Valenzuela_ Notary Public.

25            MONICA JO-ANN VALENZUELA
            Notary Public - State of Arizona   any)

26             PIMA COUNTY
            Commission # 550082
            Expires August 25, 2022

27   My commission expires on _August 25, 2022_

28

**4**

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT

20 APR 14 PM 5: 01

BY
Karla Toledo
DEPUTY

Person Filing: *Antjuan Brisco*
Address (if not protected): *ASC Tucson Santa Rita Manzanita Unit, P.O. Box 24401*
City, State, Zip Code: *Tucson, AZ. 85734*
Telephone: _____
Email Address: _____
Lawyer's Bar Number: _____

Representing ☒ Self, without a Lawyer  or  ☐ Attorney for  ☐ Petitioner  OR  ☐ Respondent

# SUPERIOR COURT OF ARIZONA
## IN ~~MARICOPA~~ COUNTY
### *PIMA*

*Antjuan Brisco*
Name of Petitioner/Plaintiff

Case Number: **C 2 0 2 0 1 7 2 3**

ORDER REGARDING DEFERRAL OR WAIVER
OF COURT FEES AND COSTS AND
NOTICE REGARDING CONSENT JUDGMENT

*David Shinn*
Name of Respondent/Defendant

BRENDEN GRIFFIN

---

**NOTE: ONLY FILL OUT THE ABOVE INFORMATION. THE COURT WILL FILL OUT
THE REST OF THE FORM.**

---

**THE COURT FINDS** that the applicant (print name)_____:

1. ☐ IS NOT ELIGIBLE FOR A DEFERRAL of fees and costs.
   **OR**
2. ☐ IS ELIGIBLE FOR A DEFERRAL of fees and costs based on financial eligibility. As required by state law, the applicant has signed a consent to entry of judgment.
   **OR**
3. ☐ IS ELIGIBLE FOR A DEFERRAL of fees and costs at the court's discretion (A.R.S. § 12-302(L)).
   **OR**
4. ☐ IS ELIGIBLE FOR A DEFERRAL of fees and costs based on good cause shown. As required by state law, the applicant has signed a consent to entry of judgment.
   **OR**
5. ☐ IS ELIGIBLE FOR A WAIVER of fees and costs because the applicant is permanently unable to pay.
   **OR**
6. ☐ IS ELIGIBLE FOR A WAIVER of fees and costs at the court's discretion (A.R.S. § 12-302(L)).
   **OR**
7. ☐ IS NOT ELIGIBLE FOR A WAIVER of fees and costs.

Case Number: _____

## IT IS ORDERED:

☐ **DEFERRAL IS DENIED** for the following reason(s):

    ☐ The application is incomplete because _____

    **You are encouraged to submit a complete application.**

    ☐ The applicant does not meet the financial criteria for deferral because _____

    **A deferral MUST BE granted if the applicant is receiving public assistance benefits from the Temporary Assistance to Needy Families (TANF) program or Food Stamps; presents documentation they are currently receiving services from a non-profit legal services organization; has an income that is insufficient or barely sufficient to meet the daily essentials of life and that includes no allotment that could be budgeted to pay the fees and costs necessary to gain access to the court; or, if the applicant demonstrates other good cause.**

☐ **DEFERRAL IS GRANTED** for the following fees and costs in this court:

    ☒ Any or all filing fees; fees for the issuance of either a summons and subpoena; or the cost of attendance at an educational program required by A.R.S. § 25-352, fees for obtaining one certified copy of a temporary order in a domestic relations case or a final order, judgment or decree in all civil proceedings.

    ☒ Fees for service of process by a sheriff, marshal, constable or law enforcement agency.

    ☐ Fees for service by publication.

    ☐ Filing fees and photocopy fees for the preparation of the record on appeal.

    ☐ Court reporter or transcriber fees if employed by the court for the preparation of the transcript.

    **IF A DEFERRAL IS GRANTED, PLEASE CHECK ONE OF THE FOLLOWING BOXES:**

    ☐ **NO PAYMENTS WILL BE DUE UNTIL FURTHER NOTICE.**

    ☐ **SCHEDULE OF PAYMENTS.**
    The applicant shall pay $_____ each _____ (week, month etc.) until paid in full, beginning _____.

*See separate order*

☐ **WAIVER IS DENIED** for all fees and costs in this case.

☐ **WAIVER IS GRANTED** for all fees and costs in this case that may be waived under A.R.S. § 12-302(H).

    ☐ Any or all filing fees; fees for the issuance of either a summons or subpoena; or the cost of attendance at an educational program required by A.R.S. § 25-352, fees for obtaining one certified copy of a temporary order in a domestic relations case or a final order, judgment or decree in all civil proceedings.

    ☐ Fees for service of process by a sheriff, marshal, constable or law enforcement agency.

    ☐ Fees for service by publication.

    ☐ Filing fees and photocopy fees for the preparation of the record on appeal.

    ☐ Court reporter or transcriber fees if employed by the court for the preparation of the transcript.

Case Number: _____

**RIGHT TO JUDICIAL REVIEW.** If the application is denied or a payment schedule is set by a special commissioner, you may request the decision be reviewed by a judicial officer. The request must be made within twenty (20) days of the day the order was mailed or delivered to you. If a schedule of payments has been established, payments shall be suspended until a decision is made after judicial review. Judicial review shall be held as soon as reasonably possible.

**NOTICE REGARDING CONSENT JUDGMENT.** Unless any of the following applies, a consent judgment may be entered against the applicant for all fees and costs that are deferred and remain unpaid thirty (30) days after entry of final judgment:

A. Fees and costs are taxed to another party;

B. The applicant has an established schedule of payments in effect and is current with those payments;

C. The applicant filed a supplemental application for waiver or further deferral of fees and costs and a decision by the court is pending;

D. In response to a supplemental application, the court orders that the fees and costs be waived or further deferred; or

E. Within twenty (20) days of the date the court denies the supplemental application, the applicant either:

    1. Pays the fees and costs; or,

    2. Requests a hearing on the court's order denying further deferral or waiver. If the applicant requests a hearing, the court cannot enter the consent judgment unless a hearing is held, further deferral or waiver is denied, and payment has not been made within the time prescribed by the court.

If an appeal is taken, a consent judgment for deferred fees and costs that remain unpaid in the lower court shall not be entered until thirty (30) days after the appeals process is concluded. The procedures for notice of court fees and costs and for entry of a consent judgment continue to apply.

If a consent judgment is signed and the applicant pays the fees and costs in full, the court is required to comply with the provisions of A.R.S. § 33-964(C).

**DUTY TO REPORT CHANGE IN FINANCIAL CIRCUMSTANCES.** An applicant who is granted a deferral or waiver shall promptly notify the court of any change in financial circumstances during the pendency of the case that would affect the applicant's ability to pay court fees and costs. Any time the applicant appears before the court on this case, the court may inquire as to the applicant's financial circumstances.

DATED: ___2/12/2020___

☑ Judicial Officer     ☐ Special Commissioner

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
ODF

Page 3 of 3

GNF18f - 071017
Use current version

FILED
GARY L. HARRISON
CLERK, SUPER'R COURT

20 APR 14 PM 2: 21

ARIZONA SUPERIOR COURT, PIMA COUNTY   Karla Toledo

BY_____

*Antjuan Brisco*

Name of Petitioner/Plaintiff.

and

_____

Name of Respondent/Defendant.

Case Number: C 20201723

ORDER FOR ASSESSMENT AND
COLLECTION OF INMATE COURT
FEES AND COSTS

THE COURT FINDS that Petitioner/Plaintiff is an inmate confined to a correctional facility operated by the
Arizona State Department of Corrections who has initiated a civil action or proceeding, other than an action or proceeding for dissolution of marriage, legal separation, or annulment or establishment, enforcement or modification of child support. The amount of fees and costs due to date is $_____. (OR ALTERNATIVELY: "A STATEMENT OF FEES And COSTS DUE IS ATTACHED.") In accordance with A.R.S. § 12-302(E),

IT IS ORDERED that a first time payment of twenty percent (20%)is assessed as a partial payment of the amount due. If monies exist, the State Department of Corrections shall deduct this amount from the inmate's spendable account and remit it to the court.

IT IS FURTHER ORDERED that the clerk of the court shall forward to the State Department of Corrections an updated accounting of the amount of actual court fees and costs.

IT IS FURTHER ORDERED that the State Department of Corrections shall withhold twenty percent (20%) of all deposits in the inmate's spendable account until the actual court fees and costs are collected in full and shall annually forward any monies collected to this court. Upon the inmate's release, the State Department of Corrections shall forward the amount of fees and costs collected through the date of the release.

IT IS FURTHER ORDERED that a copy of this order be mailed to the State Department of Corrections, Bureau of Business and Finance, and to the inmate personally.

DATED: ___2/12/2020___

_____
Judicial Officer

2001Inmateord.wpd Revised 8/17/01

5

**In the Superior Court of the State of Arizona**

**In and For the County of** _PIMA_

Case Number ___C 2 0 2 0 1 7 2 3___

Is Interpreter Needed? ☐ Yes ☒ No

If yes, what language(s):

_____

_____

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney _____

Attorney Bar Number _____

APR 1 4 2020   BRENDEN GRIFFIN

Plaintiff's Name(s): (List all)     Plaintiff's Address:               Phone #:         Email Address:

_Ant juan D. BRISCO, A.S.P.C. TUCSON, Manzanita UNIT, P.O. Box 24401, Tucson, Az 85734_

_____

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s):  (List All)

_COII DURAN, COII VILLICANA, L. Palmer-Keefe, DAVID SHINN, COII Cota, COII Rochester,_
_John/Jane Doe Transport Supervisor_

(List additional Defendants on page two and/or attach a separate sheet)

## RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☐ Amount Claimed $_____     ☐ Tier 1     ☐ Tier 2     ☐ Tier 3

## NATURE OF ACTION

Place an "X" next to the **one** case category that most accurately describes your primary case. **Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected as indicated above.**

### 100 TORT MOTOR VEHICLE:

☐ 101 Non-Death/Personal Injury*

☐ 102 Property Damage*

☐ 103 Wrongful Death*

## 110 TORT NON-MOTOR VEHICLE:

☐ 111 Negligence*

☐ 112 Product Liability – Asbestos*

☐ 112 Product Liability – Tobacco*

☐ 112 Product Liability – Toxic/Other*

☐ 113 Intentional Tort*

☐ 114 Property Damage*

☐ 115 Legal Malpractice*

☐ 115 Malpractice – Other professional*

☐ 117 Premises Liability*

☐ 118 Slander/Libel/Defamation*

☐ 116 Other (Specify) _____*

## 120 MEDICAL MALPRACTICE:

☐ 121 Physician M.D.*        ☐ 123 Hospital*

☐ 122 Physician D.O*        ☐ 124 Other*

## 130 & 197 CONTRACTS:

☐ 131 Account (Open or Stated)*

☐ 132 Promissory Note*

☐ 133 Foreclosure*

☐ 138 Buyer-Plaintiff*

☐ 139 Fraud*

☐ 134 Other Contract (i.e. Breach of Contract)*

☐ 135 Excess Proceeds-Sale*

☐ Construction Defects (Residential/Commercial)*

    ☐ 136 Six to Nineteen Structures*

    ☐ 137 Twenty or More Structures*

☐ 197 Credit Card Debt (Maricopa County Only)*

## 150-199 OTHER CIVIL CASE TYPES:

☐ 156 Eminent Domain/Condemnation*

☐ 151 Eviction Actions (Forcible and Special Detainers)*

☐ 152 Change of Name

☐ 153 Transcript of Judgment

☐ 154 Foreign Judgment

☐ 158 Quiet Title*

☐ 160 Forfeiture*

☐ 175 Election Challenge

☐ 179 NCC-Employer Sanction Action (A.R.S. §23-212)

☐ 180 Injunction against Workplace Harassment

☐ 181 Injunction against Harassment

☐ 182 Civil Penalty

☐ 186 Water Rights (Not General Stream Adjudication)*

☐ 187 Real Property *

☐ Special Action against Lower Courts
    (See Lower Court Appeal cover sheet in Maricopa)

☐ 194 Immigration Enforcement Challenge
    (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
    (See Lower Court Appeal cover sheet in Maricopa)

☐ 150 Tax Appeal
    (All other tax matters must be filed in the AZ Tax
    Court)

☐ 155 Declaratory Judgment

☐ 157 Habeas Corpus

☐ 184 Landlord Tenant Dispute – Other*

☐ 190 Declaration of Factual Innocence (A.R.S. §12-771)

☐ 191 Declaration of Factual Improper Party Status

☐ 193 Vulnerable Adult (A.R.S. §46-451)*

☐ 165 Tribal Judgment

☐ 167 Structured Settlement (A.R.S. §12-2901)

☐ 169 Attorney Conservatorships (State Bar)

☐ 170 Unauthorized Practice of Law (State Bar)

☐ 171 Out-of-State Deposition for Foreign Jurisdiction

☐ 172 Secure Attendance of Prisoner

☐ 173 Assurance of Discontinuance

☐ 174 In-State Deposition for Foreign Jurisdiction

☐ 176 Eminent Domain– Light Rail Only*

☐ 177 Interpleader– Automobile Only*

☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)

☐ 183 Employment Dispute- Discrimination*

Case No. _____

- [ ] 185 Employment Dispute-Other*
- [ ] 196 Verified Rule 45.2 Petition
- [ ] 195(a) Amendment of Marriage License
- [ ] 195(b) Amendment of Birth Certificate

- [x] 163 Other* _42 USC §1983_ – #_500,000.00_
  (Specify)

## EMERGENCY ORDER SOUGHT

- [ ] Temporary Restraining Order
- [ ] Provisional Remedy
- [ ] OSC
- [ ] Election Challenge
- [ ] Employer Sanction
- [ ] Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

- [ ] This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

  https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV10f - 010119

**6**

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT

20 APR 14 PM 1:51

BY _____
Karla Toledo

Person Filing: _Antwan Brisco_
Address (if not protected): _ASPC-Tucson Santa Rita Unit, P.O. Box 24401_
City, State, Zip Code: _Tucson, Az. 85734_
Telephone: _____
Email Address: _____
Lawyer's Bar Number: _____

Representing  ☑ Self, without a Lawyer  or  ☐ Attorney for  ☐ Petitioner  OR  ☐ Respondent

# SUPERIOR COURT OF ARIZONA
## IN _PIMA_ COUNTY

_Antwan Brisco_
Name of Petitioner/Plaintiff

Case Number: **C20201723**

_David Shinn_
Name of Respondent/Defendant

**APPLICATION FOR DEFERRAL OR WAIVER OF COURT FEES OR COSTS AND CONSENT TO ENTRY OF JUDGMENT**

STATE OF ARIZONA      )
                                          ) ss.
COUNTY OF _Pima_      )

CIVIL
BRENDEN GRIFFIN

**Notice.** A Fee Deferral is only a temporary postponement of the payment of the fees due. You may be required to make payments depending on your income. A Fee Waiver is usually permanent unless your financial circumstances change during the pendency of this court action.

I am requesting a deferral or waiver of all fees including: filing a case, issuance of a summons or subpoena, the cost of attendance at an educational program required by A.R.S. § 25-352, one certified copy of a temporary order in a family law case, one certified copy of the court's final order, preparation of the record on appeal, court reporter's fees of reporters or transcribers, service of process costs, and/or service by publication costs. (I have completed the separate Supplemental Information form if I am asking for service of process costs, or service by publication costs.) I understand that if I request deferral or waiver because I am a participant in a government assistance program, I am required to provide proof at the time of filing. The document(s) submitted must show my name as the recipient of the benefit and the name of the agency awarding the benefit. **Note. All other applicants must complete the financial questionnaire beginning at section 3. If you are a participant in one of the programs in section 1 or 2 (below), you do not need to complete the financial questionnaire, and can proceed to the signature page.**

1.  ☐ **DEFERRAL:** I receive government assistance from the state or federal program marked below or am represented by a not for profit legal aid program:
    ☐ Temporary Assistance to Needy Families (TANF)
    ☐ Food Stamps
    ☐ Legal Aid Services

2.  ☐ **WAIVER:**
    ☐ I receive government assistance from the federal Supplemental Security Income (SSI) program.

© Superior Court of Arizona in      County      Page 1 of 4
    ALL RIGHTS RESERVED
    ADW

GNF11f - 060115
Use current version

Case Number: _____

3. **FINANCIAL QUESTIONNAIRE**
   **SUPPORT RESPONSIBILITIES.** List all persons you support (including those you pay child support and/or spousal maintenance/support for):

| NAME | RELATIONSHIP |
|------|--------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**STATEMENT OF INCOME AND EXPENSES**

Employer name: ___N/A_____

Employer phone number: _____

[ ] I am unemployed (explain): _____

| | |
|---|---|
| My prior year's gross income: | $ _0_____ |

**MONTHLY INCOME**

| | |
|---|---|
| My total monthly gross income: | $ _0_____ |
| My spouse's monthly gross income (if available to me): | $ _0_____ |
| Other current monthly income, including spousal maintenance/support, retirement, rental, interest, pensions, and lottery winnings: | $ _0_____ |
| **TOTAL MONTHLY INCOME** | $ _0_____ |

**MONTHLY EXPENSES AND DEBTS:** My monthly expenses and debts are:

| | PAYMENT AMOUNT | LOAN BALANCE |
|---|---|---|
| Rent/Mortgage payment | $ _0_____ | $ _____ |
| Car payment | $ _0_____ | $ _____ |
| Credit card payments | $ _0_____ | $ _____ |
| Explain: _____ | _0_ | |
| Other payments & debts | $ _0_____ | $ _____ |
| Household | $ _0_____ | |
| Utilities/Telephone/Cable | $ _0_____ | |
| Medical/Dental/Drugs | $ _0_____ | |
| Health insurance | $ _0_____ | |
| Nursing care | $ _0_____ | |
| Tuition | $ _0_____ | |
| Child support | $ _0_____ | |
| Child care | $ _0_____ | |
| Spousal maintenance | $ _0_____ | |
| Car insurance | $ _0_____ | |
| Transportation | $ _0_____ | |
| Other expenses (explain) | $ _0_____ | |

| | |
|---|---|
| **TOTAL MONTHLY EXPENSES** | $ _0_____ |

© Superior Court of Arizona in _____ County
ALL RIGHTS RESERVED
ADW

GNF11f – 060115
Use current version

Case Number: _____

**STATEMENT OF ASSETS:** List only those assets available to you and accessible without financial penalty.

|  | ESTIMATED VALUE |
|---|---|
| Cash and bank accounts | $ _____ 0 _____ |
| Credit union accounts | $ _____ 0 _____ |
| Other liquid assets | $ _____ 0 _____ |

**TOTAL ASSETS** $ _____ 0 _____

**The basis for the request is:**

4. ☐ **DEFERRAL:**
   A. ☐ My income is insufficient or is barely sufficient to meet the daily essentials of life, and includes no allotment that could be budgeted for the fees and costs that are required to gain access to the court. My gross income as computed on a monthly basis is 150% or less of the current federal poverty level. (Note: Gross monthly income includes your share of community property income if available to you.)

**OR**

   B. ☒ I do not have the money to pay court filing fees and/or costs now. I can pay the filing fees and/or costs at a later date. **Explain.**

   _____
   _____
   _____

**OR**

   C. ☐ My income is greater than 150% of the poverty level, but have proof of extraordinary expenses (including medical expenses and costs of care for elderly or disabled family members) or other expenses that reduce my gross monthly income to 150% or below the poverty level.

| DESCRIPTION OF EXPENSES | AMOUNT |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| **TOTAL EXTRAORDINARY EXPENSES** | $ _____ |

5. ☐ **WAIVER:**

   I am permanently unable to pay. My income and liquid assets are insufficient or barely sufficient to meet the daily essentials of life and are unlikely to change in the foreseeable future.

---

**IMPORTANT**

This *"Application for Deferral or Waiver of Court Fees or Costs"* includes a *"Consent to Entry of Judgment."* By signing this Consent, you agree a judgment may be entered against you for all fees and costs that are deferred but remain unpaid thirty (30) calendar days after entry of final judgment. At the conclusion of the case you will receive a *Notice of Court Fees and Costs Due* indicating how much is owed and what steps you must take to avoid a judgment against you if you are still participating in a qualifying program. You may be ordered to repay any amounts that were waived if the court finds you were not eligible for the fee deferral or waiver. If your case is dismissed for any reason, the fees and costs are still due.

---

© Superior Court of Arizona in
ALL RIGHTS RESERVED
ADW

a County                    Page 3 of 4                    GNF11f - 060115
                                                           Use current version

Case Number: _____

**CONSENT TO ENTRY OF JUDGMENT.** By signing this Application, I agree that a judgment may be entered against me for all fees or costs that are deferred but remain unpaid thirty (30) calendar days after entry of final judgment.

## OATH OR AFFIRMATION

I declare under penalty of perjury that the foregoing is true and correct.

__1·30·20·__
Date

_Antuan D. Brisco_
Signature

_Antuan D. Brisco_
Applicant's Printed Name

_Monica John Valenzuela_
Judicial Officer, Deputy Clerk or Notary Public

[Notary seal:]
MONICA JOHN VALENZUELA
Notary Public - State of Arizona
PIMA COUNTY
Commission # 550062
Expires August 25, 202_

_____
My Commission Expires/Seal:

7

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT

20 APR 14 PM 1:51

BY /s/ DEPUTY
Karla Toledo

Person Filing: _Antjuan Brisco_
Address (if not protected): _ASPC Tucson, Santa Rita Unit, P.O. Box 24408_
City, State, Zip Code: _Tucson, Az, 85734_
Telephone: _____
Email Address: _____
Lawyer's Bar Number: _____

Representing ☒ Self, without a Lawyer  or  ☐ Attorney for  ☐ Petitioner  OR  ☐ Respondent

## SUPERIOR COURT OF ARIZONA
### IN  _PIMA_  COUNTY

_Antjuan Brisco_
**Name of Petitioner/Plaintiff**

_David Shinn_
**Name of Respondent/Defendant**

Case Number: **C20201723**

AFFIDAVIT IN SUPPORT OF APPLICATION FOR DEFERRAL OR WAIVER OF SERVICE OF PROCESS FEES

STATE OF ARIZONA    )
                     ) ss.
COUNTY OF _PIMA_    )

BRENDEN GRIFFIN

> **NOTE: FILL OUT THIS FORM ONLY IF YOU REQUESTED DEFERRAL OR WAIVER OF SERVICE COSTS IN THE APPLICATION. YOU MUST HAVE ATTEMPTED PERSONAL SERVICE OR HAVE A VALID REASON FOR NOT DOING SO. SERVICE BY PUBLICATION IS USED AS A LAST RESORT.**

**Notice.** A Fee Deferral is only a temporary postponement of the payment of the fees due. You may be required to make payments depending on your income. A Fee Waiver is usually permanent unless your financial circumstances change during the pendency of this court action.

**I have requested a deferral or waiver of the following fees in my case:**

☒ **Fees for service of process by a sheriff, marshal, constable, or law enforcement agency:** In support of my request, I state that (check and complete any that apply):

[ ] I have attempted to obtain voluntary acceptance of service of process without success on the person to be served.

[ ] It would be useless or dangerous for me to try to obtain voluntary acceptance of service by the person to be served because (explain):

_I am in Prison, Can't leave_

[ ] An enforceable injunction against harassment has been granted to me against the person to be served.

© Superior Court of Arizona In County
ALL RIGHTS RESERVED

Page 1 of 2

GNF21f - 090114
Use current version

Case Number: _____

[X] **Fees for publication:** In support of my request, I state that I have attempted to locate the person to be served but I have been unable to locate that person (check and complete any that apply):

    [ ] This is what I did to try to find the other party (explain):

    _____

    _____

    [ ] I have contacted the person(s) listed below to try to find the location of the other party.

    **NAME**           **ADDRESS**

    _____

    _____

### OATH OR AFFIRMATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: _2·3·20_      _Antjuan D. Brisco_
               Signature

               _Antjuan Brisco_
               Applicant's Printed Name

### INFORMATION FOR SERVICE

**You must provide the following information:**

To the best of my knowledge, as of (date) _2·3·20_, the last known address of the person to be served as: _ADC - Winchester Unit_

8

 

**Pima County Clerk of Superior Court**
**Tucson, Arizona**

|  |  |
|---|---|
| | Receipt Number:    3220662 |

| | | | |
|---|---|---|---|
| Received for: | ANTJUAN BRISCO | Date: | 4/14/2020 |
| Received from: | ANTJUAN BRISCO | Case Number: | C20201723 |
| Amount Received: | $0.00 | Clerk Number: | 101.187 |

Caption:          ANTJUAN BRISCO VS. DAVID SHINN ET AL.

Cash: $0.00          Check:  $0.00          Charge: $0.00          ACH: $0.00

*Begin Financial Docket*

| | | |
|---|---|---|
| Application for Deferral/Waiver | $30.00 | DEFERRED |
| Civil Complaint | $258.00 | DEFERRED |

*End Financial Docke*

Change Returned:   $0.00

Amount Refunded:   $0.00

9



# Pima County Sheriff's Department
## Civil Enforcement Unit
### 32 N. Stone Ave., 16th Floor Tucson, AZ. 85701-1409
### Phone 520 351-6000 Facsimile 520-351-4333 www.pimasheriff.org

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT
20 MAY 20  AM 8: 11

BY _____
DEPUTY

**MARK STALLARD**

Page: 1

AFFIDAVIT AND RETURN

STATE OF ARIZONA          ]       Court Number: C20201723
COUNTY OF PIMA            ]       Process Number: 20-001415
OFFICE OF THE SHERIFF     ]       *BRISCO/VILLICANA*

I do hereby certify that I received the within and foregoing Summons &
Complaint on May 8 2020 and that I served the Respondent, OFFICE OF THE
ATTORNEY GENERAL by delivering copies of the aforementioned documents to the
person(s) named therein as follows:

      Served to: Elizabeth Wright (OTHER)
      Service Time/Date: 15:52:00 05/13/20
      Served At: 400 Blk W Congress Ave Tucson, AZ  85701

      Comments:

I FURTHER CERTIFY THAT I HAVE SERVED ELIZABETH WRIGHT (LEGAL SECRETARY) WITH A
SUMMONS X6, STATE COURT COMPLAINT, VERIFICATION.

      Returned on May 15 2020

      Mark D. Napier
      Sheriff of Pima County

      BY: _____

**B. RUTLEDGE #8699; PROCESS SERVER**

Subscribed and sworn before me this 18TH day of ___may___, 2020.

_____                April 9, 2022
Notary Public                           My Commission Expires

OFFICIAL SEAL
STEVE R. STREET
Notary Public - State of Arizona
PIMA COUNTY
My Comm. Expires April 9, 2022

**10**

# PIMA COUNTY CLERK OF THE SUPERIOR COURT

**Payment Receipt**

# 3236882

| | |
|---|---|
| Received For: | **ANTJUAN BRISCO** |
| Case Number: | **C20201723** |
| Officer Name: | |
| Probation Type: | |
| Total Payment: | $150.00 |
| Transaction Date: | 05/28/2020 |
| Posting Date: | 5/28/2020  11:18:14AM |
| Clerk Number: | 83 |
| Received From: | DOC |

| Cash | Check | Credit Card | Change | Returned | Refund |
|---|---|---|---|---|---|
| $0.00 | $150.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| Fee Category | Fee Sub Category | Applied Amount |
|---|---|---|
| Civil Complaint or Petition | Civil Complaint-Deferral | $120.00 |
| Miscellaneous Filing Fee | Application for Deferral/Waiver | $30.00 |

### Party Balance Information

| Fee Category | Fee Sub Category | Balance | Arrears |
|---|---|---|---|
| Civil Complaint or Petition | Civil Complaint-Deferral | $138.00 | $138.00 |
| Miscellaneous Filing Fee | Application for Deferral/Waiver | $0.00 | $0.00 |
| **Total** | | **$138.00** | **$138.00** |

**11**

FILED
Gary Harrison
CLERK, SUPERIOR COURT
6/2/2020 11:02:45 AM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20201723
HON. BRENDEN J GRIFFIN

1  ARK BRNOVICH
   ATTORNEY GENERAL
2
   PAUL E. CARTER (014140)
3  Assistant Attorney General
   416 W. Congress, 2nd Floor
4  Tucson, AZ  85701-1315
   (520) 638-2800 ● Fax (520) 628-6050
5  paul.carter@azag.gov
   **TurboCourt E-Service**
6  **and Court Documents:**   Defensetuc@azag.gov
   State Bar No. 014140  ●  PCC No. 64668
7
   Attorneys for the Arizona Attorney General's Office
8

9          **SUPERIOR COURT OF THE STATE OF ARIZONA**

10           **IN AND FOR THE COUNTY OF PIMA**

11  ANTJUAN BRISCO,                              No. C20201723

12                 Plaintiff,

13  v.                                    **NOTICE TO THE COURT**

14  DAVID SHINN, ET AL.,
                                                 Assigned to:
15                 Defendants.            Honorable Brenden Griffin

16          The Arizona Attorney General's Office specially appears in this action to notify

17  the Court and Plaintiff that the Pima County Sheriff's Department delivered various

18  summonses and complaints from this case to its Tucson Office on May 8, 2020, and then

19  filed an Affidavit of Service with the Court indicating that it had served "Respondent,

20  Office of the Attorney General."  This Office is not identified as a Respondent in this

21  matter and it is not authorized to accept service of process on individuals like employees

22  of the Arizona Department of Corrections, even if they are current employees.

23          RESPECTFULLY SUBMITTED this  2nd day of June, 2020.

24                                         MARK BRNOVICH
                                           ATTORNEY GENERAL
25

26                                          s/ Paul E. Carter
                                           PAUL E. CARTER
                                           Assistant Attorney General

1

**CERTIFICATE OF SERVICE**

2   I hereby certify that on June ___2___, 2020, I electronically transmitted the attached
    document to the Clerk's Office using the AZTurboCourt System for filing and a separate
3   mailing to:

4   Antjuan Brisco, #295826
    ASPC–Tucson, Manzanita Unit
5   P.O. Box 24401
    Tucson, AZ  85734-4401
6   Plaintiff

7

8   s/ ec
    8752294

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**12**

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT
6/4/2020 12:00:23 PM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. BRENDEN J GRIFFIN

CASE NO.   C20201723

DATE:      June 4, 2020

ANTJUAN BRISCO
    Plaintiff

VS.

DAVID SHINN, COII DURAN, COII VILLICANA,
L PALMER-KEEFE, COII COTA, COII ROCHESTER,
and ARIZONA ATTORNEY GENERAL OFFICE
    Defendants

---

# N O T I C E
## IN CHAMBERS NOTICE TO SELF-REPRESENTED LITIGANTS

It appears that Plaintiff is self-represented. To help self-represented parties, the Court issues the following notice:

1.    Lawyers and non-lawyers alike must be aware of and follow all applicable rules, including the Arizona Rules of Evidence and Pima County Local Rules. You can find these rules in a single-volume publication called "Arizona Rules of Court." There are several copies available at the Pima County Superior Court Law Library, 110 West Congress Street, Second Floor, Tucson AZ, (Phone: (520) 724-8456) as well as on the internet.

2.    The Court can't advocate for self-represented litigants. They are held to the same standard as attorneys. *Copper State Bank v. Saggio*, 139 Ariz. 438, 441, 679 P.2d 84, 87 (App. 1983). "It is well established that where a party conducts his case [in a self-represented capacity] he is entitled to no more consideration than if he had been represented by counsel, and he is held to the same familiarity with required procedures and the same notice of statutes and local rules as would be attributed to a qualified member of the bar." *Id.*

3.    You must file original documents with the Court, specifically with the Clerk of the Superior Court. You must provide a copy of all filed documents to the judge's chambers and mail/serve them on all other parties in the case, or if the parties are represented by an attorney, on their attorney. Proof of mailing/service must be shown in writing on all filed documents. The Court won't consider documents, pleadings or other filings, unless it's clear that they've been sent to

---

        A. S.
        Judicial Administrative Assistant

**N O T I C E**

all other parties/attorneys and chambers. Self-represented litigants in civil matters may also electronically file documents through AzTurboCourt.  You can get more information on how do this at the Clerk's Office ((520) 724-3210). *Please note*: The Clerk's office can't and won't give legal advice.

4.    Please note that Rule 5.1(c)(2), Arizona Rules of Civil Procedure (sometimes also called ARCP or Ariz.R.Civ.P.),  sometimes prohibits the filing of various discovery documents with the Clerk's Office and the Court.

5.    Court staff are ethically prohibited from giving any legal advice or talking with parties outside of a court proceeding ("*ex parte*") about any substantive matter concerning your case. *See* ARIZONA CODE FOR JUDICIAL EMPLOYEES  Canon 2, Rule 2.6.  This includes over the telephone.

6.    Although a non-attorney can represent him- or herself, a non-attorney can't legally represent a friend or family member. In other words, a self-represented litigant can't have a non-attorney (even a family member) advocate on the litigant's behalf. *Encinas v. Magnum*, 203 Ariz. 357, 359, 54 P.3d 826, 828 (App. 2002). Likewise, a non-attorney may not represent a corporation, even if that individual owns some or all of that business. *Ramada Inns, Inc. v. Lane & Bird Advertising, Inc.*, 102 Ariz. 127, 128, 426 P.2d 395, 396 (1967).

7.    Under Rule 11 ARCP, all pleadings, motions, and other papers must have a good faith basis in law and fact. Pleadings, motions, and other papers filed with this Court that aren't well-grounded in law and/or fact may cause this Court to impose sanctions. This also applies to self-represented litigants as well as attorneys.

8.    To bring a suit against a person or entity, a plaintiff must properly serve the person or entity. Service of process rules are found generally in Rules 4, 4.1 and 4.2, ARCP.  Important rules to read include: 4(d)(1) (who may legally serve another party); 4(i) (time limits); 4.1(c) (requesting a waiver of service); 4.1(d) (serving individuals); 4.1(i) (serving corporations); and 4.2 (serving parties out of state).

9.    If you choose to use a certified legal document preparer, that person or business must follow Rule 31(d)(24), Arizona Rules of the Supreme Court.

10.    To find an attorney to represent you, you can check with the following resources:

    a.  Pima County Bar Association Lawyer Referral Service at (520) 623-4625 or online at http://www.tucsonlawyers.org/

    b.  Pima County Bar Association Qualified Income Legal Team (QUILT) at (520) 623-4625 or online at https://www.tucsonlawyers.org/quilt-modest-means/

A. S.
Judicial Administrative Assistant

# N O T I C E

| Page 3 | Date: June 4, 2020 | Case No.: C20201723 |
|---|---|---|

   c.  Southern Arizona Legal Aid at (520) 623-9465 or online at http://www.sazlegalaid.org/services.

You may qualify for reduced, or in some cases free, representation.

11.  You can get legal forms at the following resources:

   a.  Pima County Superior Court Law Library, in person at 110 W. Congress St., 2nd Floor, Tucson AZ 85701, or online at http://www.sc.pima.gov/ and clicking "Self-Service Forms"

   b.  Pima County Bar Association, in person at 117 N. Church Ave., Ste. 101, Tucson AZ 85701, or online at http://www.pimacountybar.org/legal-forms

   c.  Arizona Bar Association, online at https://azcourthelp.org/home/forms

   d.  Arizona Supreme Court Self-Service Center, online at http://www.azcourts.gov/selfservicecenter/Self-Service-Forms

cc:   Antjuan Brisco

 

_____
A. S.
Judicial Administrative Assistant

**13**

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT
6/8/2020 2:47:24 PM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. D. DOUGLAS METCALF              CASE NO.      C20201723
        ADR JUDGE

                                     DATE:         June 08, 2020

ANTJUAN BRISCO
        Plaintiff

VS.

DAVID SHINN,
COII DURAN,
COII VILLICANA,
L PALMER-KEEFE,
COII COTA, and
COII ROCHESTER
        Defendants

## N O T I C E

**IMPENDING DISMISSAL RE NO SERVICE**

It appearing that service of summons and complaint has not been made upon the defendant(s) listed below,

YOU ARE HEREBY NOTIFIED THAT the action will be dismissed without prejudice AS TO THE DEFENDANT(S) LISTED BELOW without further notice after 15 days from the date of this notice, unless good cause is shown why service was not made within the time limits established by 104(b), Arizona FASTAR Rules, and that additional time should be granted within which to accomplish service.

If you have a reason to believe this notice has been issued in error, please call **CASE MANAGEMENT SERVICES, DISMISSAL CALENDAR OFFICE, at 520-724-3551.**

Defendant(s)

| COII DURAN | COII COTA |
| COII VILLICANA | COII ROCHESTER |
| L PALMER-KEEFE | |

cc:   Antjuan Brisco

Brian Rohrbaugh
Case Management Services

Docket

Your request is being processed.....

 **Case Information**

| | |
|---|---|
| Case Number: | C20201723 |
| File Date: | 4/14/2020 |
| Caption: | ANTJUAN BRISCO VS. DAVID SHINN ET AL. |
| Judge: | BRENDEN J GRIFFIN |

 **Party Listing**

| Party Full Name | Party Role | Name Type |
|---|---|---|
| ANTJUAN BRISCO | Plaintiff | True |
| ANTJUAN BRISCO | Plaintiff | True |
| DAVID SHINN | Defendant | True |
| COII DURAN | Defendant | True |
| COII VILLICANA | Defendant | True |
| L PALMER-KEEFE | Defendant | True |
| COII COTA | Defendant | True |
| COII ROCHESTER | Defendant | True |

 **Document Index Listing**

| Document Type | Document SubType | Document Caption | File Date | Image |
|---|---|---|---|---|
| CourtNotice | Notice Of Impending Dismissal | FASTAR: LACK OF SERVICE | 6/8/2020 | Available |
| CourtNotice | In Chambers | IN CHAMBERS NOTICE TO SELF-REPRESENTED LITIGANTS | 6/4/2020 | Available |
| Efiled Notice | Efiled Notice | Notice to the Court | 6/2/2020 | Available |
| Receipt | All Money Receipts | Receipt #3236882 | 5/28/2020 | Available |
| Affidavit | Affidavit Of Service | AFFIDAVIT & RETURN | 5/20/2020 | Available |
| Receipt | All Money Receipts | All Money Receipts #3220662 | 4/14/2020 | Available |

| Affidavit | Affidavit In Support | Affidavit In Support | 4/14/2020 | Available |
| Application | Application For Deferral Or Waiver Of Court Costs/Fees/Service | Application For Deferral Or Waiver Of Court Costs/Fees/Service | 4/14/2020 | Available |
| Cover Sheet | Cover Sheet For New Cases | Cover Sheet For New Cases | 4/14/2020 | Available |
| Order | Order For/Of Deferral Or Waiver | Order For/Of Deferral Or Waiver | 4/14/2020 | Available |
| Open | Petition & Complaint | Petition & Complaint | 4/14/2020 | Available |
| Arbitration | Certificate Of Compulsory Arbitration | CERTIFICATE OF COMPULSORY ARBITRATION | 4/14/2020 | Available |
| Arbitration | Fastar Certificate | RULE 102(A) FASTAR CERTIFICATE | 4/14/2020 | Available |

Summons

RECEIVED

JUN 0 8 2020 @ 12:55pm

ADC
HR OPERATIONS

delivered by MCSO
employee.

Person Filing: _AntJuan D. BRISCO_
Address (if not protected): _ASPC-Tucson, Manzanita Unit, PO, Box 24401_
City, State, Zip Code: _Tucson, Az, 85734_
Telephone: _____
Email Address: _____
Lawyer's Bar Number: _____

Representing ☒ Self, without a Lawyer   or   ☐ Attorney for   ☐ Plaintiff   OR   ☐ Defendant

# SUPERIOR COURT OF ARIZONA
## IN _PIMA_ COUNTY

_AntJuan Brisco_

Name of Plaintiff

**Case No.:** C 2 0 2 0 1 7 2 3

**SUMMONS**

And

_David Shinn_

Name of Defendant

> **WARNING: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.**

FROM THE STATE OF ARIZONA TO: _David Shinn_

Name of Defendant

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:

   - Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 *OR*

   - Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 *OR*

   - Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 *OR*

   - Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

   Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.

© Superior Court of Arizona
ALL RIGHTS RESERVED

CV11f 010119

Case Number: _____

3. If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

   - 601 West Jackson, Phoenix, Arizona 85003
   - 18380 North 40th Street, Phoenix, Arizona 85032
   - 222 East Javelina Avenue, Mesa, Arizona 85210
   - 14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5. Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

6. Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

SIGNED AND SEALED this date   APR 1 4 2020   GARY L. HARRISON
CLERK OF SUPERIOR COURT

By_____
Karla Toledo   Deputy Clerk