MDR

1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

9
10
11
12
13
14

| | |
|---|---|
| Antjuan Brisco,<br><br>                           Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>                           Defendants. | No.  CV 20-00260-TUC-JGZ<br><br><br>**ORDER** |

15   On April 14, 2020, Plaintiff Antjuan Brisco, who is confined in the Arizona State

16 Prison Complex-Tucson in Tucson, Arizona, filed a pro se civil rights Complaint (Doc. 1-

17 3 at 2-11)[1] in the Superior Court of Pima County, Arizona, against Defendants Duran,

18 Villicana, L. Palmer-Keefe, David Shinn, Unknown Transportation Supervisor, Yolanda

19 Elliott, Cota, Rochester, and Roberts.

20   On June 17, 2020, Defendant Shinn filed a Notice of Removal and removed the case

21 to this Court.  The Court will order Defendants Duran and Villicana to answer the

22 Complaint and will dismiss without prejudice the remaining Defendants.

23 **I.    Removal**

24   A state court defendant may remove to federal court any civil action brought in the

25 state court over which the federal district courts would have original jurisdiction. 28 U.S.C.

26 § 1441(a).  In his Complaint, Plaintiff alleges a violation of his Eighth Amendment rights.

27
28

---

[1] The citation refers to the document and page number generated by the Court's
Case Management/Electronic Case Filing system.

The Court's jurisdiction extends to such claims.  *See* 28 U.S.C. § 1331  (a federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States").  The Notice of Removal was filed within thirty days of Defendant Shinn being served, and Defendant Ryan indicates that the other Defendants have not been served.  It therefore appears this case was timely and properly removed.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

. . . .

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**III.    Complaint**

In his one-count Complaint, Plaintiff seeks monetary damages and his attorney's fees from Defendants Arizona Department of Corrections (ADC) Director David Shinn, Warden Roberts, Deputy Warden Yolanda Elliott, Director of Nursing L. Palmer-Keefe, Unknown Transportation Supervisor, and Correctional Officers II Duran, Villicana, Cota, and Rochester.

Plaintiff alleges he was subjected to cruel and unusual punishment, in violation of the Eighth Amendment. Plaintiff asserts that according to ADC policy, correctional officers are required to use a transportation vehicle with a wheelchair lift to transport inmates in wheelchairs and may not physically remove the inmates from their wheelchairs when transporting them.

Plaintiff claims he has been confined to a wheelchair for four years. He alleges Defendants Duran and Villicana arrived to transport him on March 1, 2019, but they were driving a van that was not equipped with a wheelchair lift. He contends Defendants Duran and Villicana decided not to bring a van with a wheelchair lift because it was late, their shift was close to its end, and it took time to schedule a transport van that was equipped with a wheelchair lift. Plaintiff alleges Defendants Duran and Villicana violated ADC's policy and physically lifted him from his wheelchair. He asserts they "lost control and balance of Plaintiff," who was handcuffed and shackled, and dropped him face-first into the van and then onto the ground.

Plaintiff claims he suffered facial scarring, bruising, pain, and limited mobility. He alleges he saw a licensed practical nurse regarding these injuries and she advised him to "give it a couple of days" to see if the pain subsided and his mobility returned. She did

not, however, arrange for Plaintiff to be transferred on a van with a wheelchair lift, and Plaintiff was again transferred in a van without a wheelchair lift.  Plaintiff alleges Defendants Cota and Rochester also transferred him using a van that did not have a wheelchair lift.

Plaintiff asserts that as a result of the fall, he has ongoing and continuous pain and limited mobility.  He alleges he can no longer push himself in a wheelchair because of his pain and limited mobility and is now dependent on other inmates to transport him.

Plaintiff contends Defendant Palmer-Keefe knew he needed to be transported in a van with a wheelchair lift, but acted with deliberate indifference by not notifying the transportation supervisor that Plaintiff was in a wheelchair and needed to be transported in a van with a wheelchair lift. Plaintiff alleges Defendant Unknown Transportation Supervisor acted with deliberate indifference when he failed to create a "Fail Safe mechanism" to safeguard against correctional officers and the Director of Nursing failing to communicate that an inmate needed to be transported in a van with a wheelchair lift. Plaintiff also asserts that Defendant Unknown Transportation Supervisor failed to train and supervise transportation officers to check what type vehicle was needed to accommodate and inmate's needs.

Plaintiff contends Defendants Duran and Villicana acted with deliberate indifference to ADC's transportation policy and the Americans with Disabilities Act when they arrived in a van without a wheelchair lift to transport Plaintiff.  He claims that when Defendants Duran and Villicana saw Plaintiff was in a wheelchair, they knew they could not properly transport him without using a wheelchair lift, but they did not call for a proper transportation van and, with deliberate and conscious indifference to the consequences, opted to physically remove Plaintiff from his wheelchair and place him in the van without using a wheelchair lift.

Plaintiff alleges Defendants Cota and Rochester were also deliberately indifferent when they transported Plaintiff in a van without a wheelchair lift, despite knowing that

1    Plaintiff had just been dropped on his head when Defendants Duran and Villicana

2    improperly transported Plaintiff.

3    **IV.    Discussion of Complaint**

4           Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519,

5    520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey*

6    *v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a

7    civil rights complaint may not supply essential elements of the claim that were not initially

8    pled. *Id.*

9           To state a valid claim under § 1983, plaintiffs must allege that they suffered a

10   specific injury as a result of specific conduct of a defendant and show an affirmative link

11   between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362,

12   371-72, 377 (1976).  There is no respondeat superior liability under § 1983, and therefore,

13   a defendant's position as the supervisor of persons who allegedly violated Plaintiff's

14   constitutional rights does not impose liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658

15   (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d

16   1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to . . . § 1983 suits,

17   a plaintiff must plead that each Government-official defendant, through the official's own

18   individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  "A plaintiff must

19   allege facts, not simply conclusions, that show that an individual was personally involved

20   in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.

21   1998).

22          To state an Eighth Amendment conditions-of-confinement claim, plaintiffs must

23   meet a two-part test.  "First, the alleged constitutional deprivation must be, objectively,

24   sufficiently serious" such that the "official's act or omission must result in the denial of the

25   minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834

26   (1994) (internal quotations omitted).  Second, the prison official must have a "sufficiently

27   culpable state of mind," i.e., he must act with "deliberate indifference to inmate health or

28   safety." *Id.* (internal quotations omitted).  Deliberate indifference is a higher standard than

1   negligence or lack of ordinary due care for the prisoner's safety.  *Id.* at 835.  In defining

2   "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:

3   "the official must both be aware of facts from which the inference could be drawn that a

4   substantial risk of serious harm exists, *and* he must also draw the inference."  *Id.* at 837

5   (emphasis added).

6       To state a claim based on a failure to train or supervise, a plaintiff must allege facts

7   to support that the alleged failure amounted to deliberate indifference.  *Canell v. Lightner*,

8   143 F.3d 1210, 1213 (9th Cir. 1998).  A plaintiff must allege facts to support that not only

9   was particular training or supervision inadequate, but also that such inadequacy was the

10  result of "a 'deliberate' or 'conscious' choice" on the part of the defendant.  *Id.* at 1213-

11  14; *see Clement v. Gomez,* 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts

12  to support that "in light of the duties assigned to specific officers or employees, the need

13  for more or different training is obvious, and the inadequacy so likely to result in violations

14  of constitutional rights, that the policy[]makers . . . can reasonably be said to have been

15  deliberately indifferent to the need."  (quoting *City of Canton v. Harris*, 489 U.S. 378, 390

16  (1989))).   A plaintiff must also show a "sufficient causal connection between the

17  supervisor's wrongful conduct and the constitutional violation."  *Redman v. County of San

18  Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations omitted).

19      **A.    Defendants Duran and Villicana**

20      Liberally construed, Plaintiff has stated an Eighth Amendment deliberate

21  indifference claim against Defendants Duran and Villicana.  The Court will require these

22  Defendants to answer the Complaint.

23      **B.    Defendants Cota and Rochester**

24      Plaintiff suffered no harm from Defendants Cota and Rochester transporting him in

25  a van without a wheelchair lift.  Thus, the Court will dismiss without prejudice Defendants

26  Cota and Rochester.

27  . . . .

28  . . . .

**C.     Defendants Palmer-Keefe and Unknown Transportation Supervisor**

At best, Plaintiff's allegations against Defendants Palmer-Keefe and Unknown Transportation Supervisor suggest that they may have been negligent when they, respectively, failed to notify the transportation supervisor that Plaintiff needed to be transported in a van with a wheelchair lift and failed to create a fail-safe mechanism to ensure inmates were not improperly transported.

In addition, Plaintiff has failed to make any allegations regarding Defendant Unknown Transportation Supervisor's training and supervision, such as how his training and supervision was inadequate, or how those inadequacies led to Plaintiff's injuries. Plaintiff's allegations are too vague and conclusory to state a failure-to-train or failure-to-supervise claim against Defendant Unknown Transportation Supervisor.

Thus, the Court will dismiss without prejudice Defendants Palmer-Keefe and Unknown Transportation Supervisor.

**D.     Defendants Shinn, Elliott, and Roberts**

Plaintiff has not alleged that Defendants Shinn, Elliott, and Roberts personally participated in a deprivation of Plaintiff's constitutional rights, were aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Plaintiff has made no allegations at all against these Defendants. Thus, the Court will dismiss without prejudice Defendants Shinn, Elliott, and Roberts.

**V.     Warnings**

**A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a

certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Defendants Shinn, Palmer-Keefe, Unknown Transportation Supervisor, Elliott, Cota, Rochester, and Roberts are **dismissed** without prejudice.

(2)    Defendants Duran and Villicana must answer the Complaint.

(3)    The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1-3 at 2-10), this Order, and both summons and request for waiver forms for Defendants Duran and Villicana.

(4)    Plaintiff must complete[2] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(6)    The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

---

[2] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

(7)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.

(8)     A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(9)     The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

> (a)     personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

> (b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)     Defendants Duran and Villicana must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

1         (11)   Any answer or response must state the specific Defendant by name on whose

2    behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

3    does not identify the specific Defendant by name on whose behalf it is filed.

4         Dated this 22nd day of June, 2020.

5

6

7

8         Honorable Jennifer G. Zipps
          United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28