# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antjuan Brisco,<br><br>　　　　Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　Defendants. | No. CV-20-00260-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Amend the Complaint and Join Defendants. (Doc. 21.) The motion is fully briefed. (Docs. 25, 34.) For the following reasons, the Court will grant the motion and screen the complaint pursuant to 28 U.S.C. § 1915A.

## I. Background

In his original complaint, Plaintiff asserted that he was subjected to cruel and unusual punishment when correctional officers Duran and Villicana dropped Plaintiff while removing him from his wheelchair and placing him in a van without using a wheelchair lift. The Court required Defendants Duran and Villicana to answer the complaint, and dismissed Defendants Cota, Rochester, Palmer-Keefe, Unknown Transportation Supervisor, Shinn, Elliott, and Roberts.

## II. Motion to Amend

Courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The court considers five factors when determining whether to grant leave to amend: (1)

bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff previously amended the complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quotation omitted)). The court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted. *See Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 772 (9th Cir. 1991). Further, "[n]ot all of the factors merit equal weight," and consideration of prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice, or a strong showing of any of the remaining factors, there is a presumption in favor of granting leave to amend. *Id.* (citation omitted).

Plaintiff seeks to amend his complaint to state claims against Defendants Cota, Rochester and Shinn, and to add Corrections Officer Rick Woods as a defendant. Defendant Villicana asserts that the Court should deny the motion because Plaintiff's amendments are futile. Although Plaintiff's amendments as to the claims against Defendants Cota, Rochester, and Shinn are futile, the Court concludes that Plaintiff does state a claim against Defendant Woods. *See infra*, Part V. Accordingly, the Court will grant the motion to amend and order the Clerk of the Court to file the First Amended Complaint.

### III. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does

not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

### IV. First Amended Complaint

In Count One, Plaintiff alleges he was subjected to cruel and unusual punishment, in violation of the Eighth Amendment. Plaintiff claims he has been confined to a wheelchair due to a spinal cord injury. He alleges Defendants Duran and Villicana arrived to transport him on March 1, 2019, but they were driving a van that was not equipped with a wheelchair lift. He contends Defendants Duran and Villicana denied his request to bring a van with a wheelchair lift because it was late, their shift was close to its end, and it would take time to schedule a transport van that was equipped with a wheelchair lift. Plaintiff alleges that Defendants Duran and Villicana grabbed him and lifted him out of his wheelchair. He asserts they "dropped or thr[ew]" him on the floor. Plaintiff claims he

suffered pain, bruising, and limited mobility of his right arm. He asserts that an MRI revealed a chronic strain to the left wrist and ligament damage to the right shoulder. Plaintiff asserts that Defendant Duran's and Villicana's actions constituted deliberate indifference in violation of the Eighth Amendment.

Plaintiff alleges that he told correctional officers Cota and Rochester that he was in pain after being dropped. Defendants Cota and Rochester told Plaintiff to submit a health needs request form because medical staff was unavailable at night. Plaintiff asserts that Defendants Cota and Rochester should have made an emergency call for a medical evaluation. Plaintiff asserts that Defendant Cota's and Rochester's failure to seek emergency services constituted deliberate indifference in violation of the Eighth Amendment.

In Count Two, Plaintiff alleges that Defendant Ryan violated the Americans with Disabilities Act (ADA) when Defendants Duran and Villicana denied Plaintiff access to a handicap van with a wheelchair lift. Plaintiff alleges that he suffered physical and emotional injury as a result. He asserts that Defendant Ryan had an unwritten policy of allowing correctional officers to violate the ADA. Plaintiff further alleges that Defendant Ryan had a practice, pattern, and custom of deliberate indifference to disabled persons in violation of the Eighth Amendment.

In Count Three, Plaintiff alleges a First and Fourteenth Amendment claim against Corrections Officer Rick Woods. He claims that Defendant Woods refused to process and log his grievance appeal. Plaintiff further asserts that Defendant Woods destroyed his appeal in order to deny Plaintiff access to the courts and his due process rights.

**V.      Discussion of Complaint**

    **A.  Defendants Duran and Villicana**

To state an Eighth Amendment conditions-of-confinement claim, plaintiffs must meet a two-part test. "First, the alleged constitutional deprivation must be, objectively, sufficiently serious" such that the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834

1 (1994) (internal quotations omitted). Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate indifference to inmate health or safety." *Id.* (internal quotations omitted). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Id.* at 835. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 837 (emphasis added).

Liberally construed, Plaintiff has stated an Eighth Amendment deliberate indifference claim against Defendants Duran and Villicana. The Court will require these Defendants to answer the First Amended Complaint.

**B. Defendants Cota and Rochester**

To state an Eighth Amendment medical care claim, Plaintiff must allege facts showing that a prison official acted with "deliberate indifference to inmate health or safety." *Id.* (internal quotations omitted). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458,

460 (9th Cir. 1980). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Plaintiff has not alleged facts that show Defendants Rochester and Cota were deliberately indifferent to Plaintiff's medical needs. Plaintiff alleges nothing to suggest that Defendants were responsible for the delay in Plaintiff receiving a medical evaluation; it appears that the delay was related to the unavailability of medical staff. Although Plaintiff stated to Defendants Rochester and Cota that he was in pain after being dropped, not all pain requires immediate emergency services. In fact, Plaintiff never requested emergency services and was advised by the nurse the following day to give his injuries time to heal before seeking further medical attention. Based on these facts, the Court finds that Plaintiff fails to state an Eighth Amendment claim against Defendants Rochester and Cota.

**C. Defendant Shinn**

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Individuals may be sued only in their official capacities. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). To state an ADA claim, a plaintiff must demonstrate that:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1021 (9th Cir. 2010) (quoting *McGary v. City of Portland,* 386 F.3d 1259, 1265 (9th Cir. 2004)).

Plaintiff does not allege facts showing that he was denied services by reason of his disability or otherwise subjected to discrimination by the prison. Plaintiff's conclusory assertion that Ryan had an unwritten policy of allowing correctional officers to violate the ADA is insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Similarly, Plaintiff's conclusory allegation that Defendant Ryan had a custom of deliberate indifference to disabled persons in violation of the Eighth Amendment is insufficient to state a claim. Plaintiff alleges no facts showing such a policy or custom exists.

**D. Defendant Woods**

Prisoners have a right under the First and Fourteenth Amendments to litigate their claims "without *active interference* by prison officials." *Silva v. DiVittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) (emphasis in original), *overruled on other grounds as stated in Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to ligate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). The right "guarantees no particular methodology but rather the conferral of a capability– the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id*. at 356.

As a matter of standing for an access-to-courts claim, a plaintiff must show that he suffered an " actual injury" — i.e., " actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348 (citation omitted); *see also Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Mere 'delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation.'" ) (citations omitted); *cf. Silva*, 658 F.3d at 1104 (actual injury alleged where plaintiff claimed pending lawsuits had been dismissed as the result of defendants' actions). A prisoner must demonstrate that defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous or arguable claim he

1  wished to present. *Lewis*, 518 U.S. at 353 and n.3.

2  However, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id*. at 354. The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id*. at 355. The nonfrivolous claim must be a direct or collateral attack on the inmate's sentence or a challenge to the conditions of his confinement. *Id*. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. (emphasis in original).

Liberally construed, Plaintiff has stated a First Amendment access-to-courts claim against Defendant Woods. Accordingly, the Court will require Defendant Woods to answer the First Amended Complaint. To the extent Plaintiff is alleging a substantive due process claim under the Fourteenth Amendment, the Court will dismiss the Fourteenth Amendment claim without prejudice. *See Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 855 (9th Cir. 2007) ("[If a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998))).

**VI.  Warnings**

**A. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff

must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED**:

1. Good cause appearing, Plaintiff's Motion for Extension (Doc. 31) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent it seeks an extension of time to file a reply to the motion to amend and denied as moot to the extent it seeks an extension to file a response to the motion to compel.

2. Plaintiff's "Nunc Pro Tunc Motion for Extension of Time" (Doc. 36) is **DENIED** as moot.

3. Plaintiff's Motion to Amend the Complaint and Join Defendants (Doc. 21) is **GRANTED**.

4. The Clerk of the Court is directed to file Document 21-1, pages 2-19, as Plaintiff's First Amended Complaint.

5. Defendant Villicana must answer the First Amended Complaint within fourteen (14) days of this Order. See Fed. R. Civ. P. 15(a)(3).

6. Good cause appearing, Plaintiffs Motion for 45-Day Extension (Doc. 32) to serve Defendant Duran is **GRANTED**. Plaintiff must serve Defendant Duran on or before February 16, 2021. With this Order, the Court will have granted Plaintiff three separate extensions of time to serve Defendant Duran, dating back to July 30, 2020. (Doc. 19.) Plaintiff is advised that if he does not accomplish service of the Summons and First Amended Complaint on Defendant Duran by this date, Defendant Duran may be dismissed from this action pursuant to Rule 4(m).

7. Defendant Duran must answer the First Amended Complaint or otherwise

respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

8. The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 21-1, pp. 2-19), this Order, and both summons and request for waiver forms for Defendant Woods.

9. Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

10. If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant Woods within 90 days of the filing of the First Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to Defendant Woods. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

11. The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

12. The United States Marshal must notify Defendant Woods of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order.

13. A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

14. The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned

---

[1] If Defendant Woods is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where he works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

by Defendant Woods within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

15. Defendant Woods must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

16. Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed

Dated this 1st day of February, 2021.

_____
Honorable Jennifer G. Zipps
United States District Judge