WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antjuan Brisco,<br><br>                Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>                Defendants. | No. CV-20-00260-TUC-JGZ<br><br>**ORDER** |

Plaintiff Antjuan Brisco, who is currently confined in the Arizona State Prison Complex (ASPC)-Tucson, brought this civil rights action pursuant to 42 U.S.C. § 1983. Defendant Correctional Officer (CO) Enrique Villicana moves for summary judgment on the merits of Plaintiff's Eighth Amendment claim. (Docs. 101, 102.) Plaintiff was informed of his rights and obligations to respond pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc) (Doc. 103), and he filed a Response in Opposition to Defendant's motion for summary judgment. (Docs. 112, 113.) Defendant filed a Reply in Support of Motion for Summary Judgment and Objections to Plaintiff's Statement of Facts. (Doc. 114.)

Having reviewed the parties' submissions and for the reasons that follow, the Court will grant the Motion for Summary Judgment.

**I.      Background**

In his First Amended Complaint (FAC), Plaintiff alleged that Defendant Villicana and CO II Duran acted with deliberate indifference to ADC's transportation policy and the

Americans with Disabilities Act when they arrived in a van without a wheelchair lift to transport Plaintiff. (Doc. 40 at 4.) Plaintiff asserted that when Duran and Villicana saw Plaintiff was in a wheelchair, they knew they could not properly transport him without using a wheelchair lift, but they did not call for a proper transportation van and, with deliberate and conscious indifference to the consequences, opted to physically remove Plaintiff from his wheelchair and place him in the van. Plaintiff alleged that Defendant Villicana and CO II Duran dropped or threw Plaintiff while removing him from his wheelchair and placing him in the van. (*Id.* at 7.) On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment conditions-of-confinement claims against Defendant Villicana and CO II Duran and directed them to answer the claims.[1] (Doc. 39.) The Court dismissed the remaining claims and Defendants. (*Id.*)

In his motion for summary judgment, Villicana argues that Plaintiff has failed to disclose any facts or evidence showing that (1) he was medically required a wheelchair transport van; (2) transporting him in a non-wheelchair accessible van posed a substantial risk of harm; or (3) Villicana was aware of a substantial risk of harm or acted indifferently to such harm.

**II.     Summary Judgment Standard**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts

---

[1] In a May 27, 2021 Order, the Court dismissed Duran for failure to serve process.

1  to the nonmovant to demonstrate the existence of a factual dispute and that the fact in
2  contention is material, i.e., a fact that might affect the outcome of the suit under the
3  governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable
4  jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S.
5  242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th
6  Cir. 1995).  The nonmovant need not establish a material issue of fact conclusively in its
7  favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however,
8  it must "come forward with specific facts showing that there is a genuine issue for trial."
9  *Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal
10 citation omitted); *see* Fed. R. Civ. P. 56(c)(1). Summary judgment for a moving party is
11 appropriate when the nonmoving party fails to establish an element essential to their case,
12 for which they will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. In such
13 instance, there can be "no genuine issue as to any material fact," because a complete failure
14 of proof concerning an essential element of the nonmoving party's case necessarily renders
15 all other facts immaterial. *Id.*

16 At summary judgment, the judge's function is not to weigh the evidence and
17 determine the truth but to determine whether there is a genuine issue for trial. *Anderson*,
18 477 U.S. at 249.  In its analysis, the court must believe the nonmovant's evidence and draw
19 all inferences in the nonmovant's favor. *Id.* at 255.  The court need consider only the cited
20 materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

### III. Facts[2]

On March 1, 2019, Plaintiff was in the custody of the Arizona Department of Corrections, Rehabilitation and Reentry (ADC). Plaintiff was confined to a wheelchair, (Doc. 40 at 5-6), and unable to stand or walk unassisted due to his disability. (Doc. 113 at 5.) On that date, Defendant Villicana was directed by his on-duty supervisor to be the second officer to transport Plaintiff to Cimarron Unit from the Winchester Detention Unit within the Tucson Detention Complex. (Doc. 102 at 1 ¶ 3.) CO II Duran was also assigned to transport Plaintiff. (*Id.*) The Winchester Unit did not have an operational wheelchair-accessible vehicle. (*Id.* ¶ 7; Doc. 40 at 6.)

Plaintiff states that he immediately notified Villicana and Duran that he had a spinal cord injury and "would be unable to transfer" from the wheelchair to the van. (Doc. 40 at 6.) Plaintiff also told Villicana and Duran that his physical restraints "would further complicate the transfer" from the wheelchair to the van and that he "feared injury." (*Id.*) Duran told Plaintiff, "we don't have time for this shit, we're at the end of our shift," and "we don't want to stay on overtime." (*Id.*)

Plaintiff requested that a handicap accessible transport van be made available, or that he be returned to Winchester Unit. (*Id.*) Defendant Villicana and CO II Duran denied Plaintiff's request. (*Id.*) Instead, Villicana and Duran grabbed Plaintiff, lifted him out of his wheelchair, and "dropped or thr[ew]" him on the floor. (*Id.*) The officers did not take Plaintiff to medical, and instead successfully forced him into the standard transport van. Once at the Cimmaron Unit, Plaintiff had to be returned to the Winchester Unit, where Villicana and Duran again refused to obtain medical attention for Plaintiff's injuries. (Doc.

---

[2] The Ninth Circuit has directed district courts to construe pro se prisoner's motions papers liberally and to avoid strict application of the summary judgment rules. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). The Ninth Circuit has also held that, where the nonmovant is a pro se litigant, the court must consider as evidence in opposition to summary judgment all the nonmovant's contentions set forth in a verified complaint or motion. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). The facts in this Order are taken from Plaintiff's verified First Amended Complaint (Doc. 40), Plaintiff's Response in Opposition, (Doc. 112), Plaintiff's Separate Statement of Facts (Doc. 113), and Defendant's Statement of Facts (Doc. 102).

40 at 8.) According to the Plaintiff, officers then transported the Plaintiff to Cimmaron Unit for a second time before returning him finally to the Winchester Unit. (*Id.*) When Plaintiff informed officers at the Winchester Unit that he "had been dropped… and injur[ed]," he was told to file a Health Needs Request. (*Id.*)

According to Villicana, before the first transport occurred, he observed that Plaintiff was seated in a wheelchair and that he was able to stand and walk unassisted. (Doc. 102 at ¶ 4.) Villicana was unaware of why Plaintiff needed a wheelchair. (*Id.* at ¶ 5.) Duran and Villicana assisted Plaintiff into the van without incident and transported him to Cimarron Unit. (*Id.* at ¶ 6.) Once there, Villicana was directed to return Plaintiff back to Winchester Unit because Cimarron Unit did not have an available room suitable for Plaintiff. (*Id.* at ¶ 8.) Officer Duran and two others assisted Villicana in helping Plaintiff back into the Van, without incident.[3] (*Id.*)

**IV. Discussion**

To prevail on an Eighth Amendment conditions-of-confinement claim, a plaintiff must show that he was subjected to a sufficiently serious deprivation, and that the prison official acted with deliberate indifference to plaintiff's health and safety. *Farmer v. Brennan*, 511 U.S. 825 (1994). Here, Plaintiff fails to prove that Villicana deliberately disregarded a substantial risk to his health and safety when he removed him from his wheelchair and transported him in violation of ADC policy.

First, the plaintiff must make an "objective" showing that the alleged deprivation is "sufficiently serious." *Id.* at 834. To be sufficiently serious to form the basis of an Eighth Amendment violation, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

---

[3] Villicana recalls nothing unusual occurring during the transports. (Doc. 102 at ¶ 8.) He denies throwing or dropping Plaintiff and states that he also did not see anyone throw or drop Plaintiff to the ground or into the van. (*Id.*) However, because the Court is required to construe the facts in the light most favorable to Plaintiff in deciding a motion for summary judgment, the Court does not consider Villicana's denials in its analysis.

Second, the plaintiff must make a "subjective" showing that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. To show deliberate indifference, the plaintiff must establish that the defendant knew of and disregarded an excessive risk to prisoner health or safety. *Id.* at 837. To satisfy the knowledge component, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Deliberate indifference entails something "more than negligence," but is satisfied by something "less than acts or omissions for the very purpose of causing harm…" *Id.* at 826. Thus, it is the "equivalent of acting recklessly." *Id.* Moreover, the Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." *Id.* at 837. An official's failure to alleviate a significant risk that he should have perceived but did not cannot be condemned as the infliction of punishment. *Id.* at 838.

The Court first considers whether Plaintiff was subject to an objectively, sufficiently serious deprivation. Taking Plaintiff's facts as true, he was confined to a wheelchair due to a spinal cord injury. (Doc. 40 at 5-6.) There is no dispute that at the relevant time, Plaintiff was using a wheelchair to ambulate. Further, Plaintiff averred that he informed Defendant that he had a spinal cord injury and would be unable to transfer from the wheelchair to the van. (Doc. 40 at 6.) Though the deprivation was arguably brief, there remains a question of fact whether Plaintiff was subject to an objectively, sufficient serious deprivation. *See Asberry v. Relevante*, No. 1:16-cv-01741-LJO-JDP, 2018 WL 6436252, at *7 (E.D. Cal. Dec. 7, 2018) (there can be no dispute "that taking away a wheelchair from a man who cannot walk is an objectively serious deprivation").

Next, Plaintiff must show that Defendant was aware of an excessive risk to Plaintiff's health or safety. As stated, there is no dispute that Plaintiff was in a wheelchair, and Plaintiff averred that he told Defendant of his spinal cord injury and that he could not transfer from the wheelchair to the van. Defendant disputes Plaintiff's claim that ADC policy requires correctional officers to use a proper transport vehicle with a wheelchair lift to transport prisoners in wheelchair, but neither party provides documentation of the

relevant transport policy. (Doc. 112 at 2; Doc. 114 at 2.) The Court takes judicial notice of ADC's website, which states that under Department Order 100 § 5.4.3, ADA qualified prisoners who use wheelchairs must be transported in appropriately equipped vehicles.[4] From these facts, the Court may infer that Defendant was aware of Plaintiff's condition that necessitated use of wheelchair and that prisoners in wheelchairs required appropriately equipped vehicles. Thus, there is a dispute of fact whether Defendant was aware of an excessive risk to Plaintiff's health or safety during transfer to a non-equipped van.

Finally, Plaintiff must show that Defendant Villicana acted with deliberate indifference to Plaintiff's health or safety. The main focus of Plaintiff's deliberate indifference claim appears to be that the officers created an unreasonable risk of harm by forcibly removing him from his wheelchair and "neglect[ing] to follow the established D.O. of ADC policy." (Doc. 113 at 11.) Plaintiff asserts that the officers should have asked for instructions about how to transfer him rather than making the choice for Plaintiff and forcibly removing him from his wheelchair which deliberately placed him at risk for harm. (Doc. 113 at 3, 4, 11.) The Court is unpersuaded that Villicana's decision to remove Plaintiff from his wheelchair and transport him in a noncompliant vehicle demonstrates the requisite level of recklessness for a deliberate indifference claim.

Even assuming that Defendant did not comply with ADC policy requiring transport of prisoners in wheelchairs in properly equipped vehicles, a violation of an administrative policy, by itself, does not necessarily rise to the level of a constitutional violation. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (violation of "state departmental regulations do not establish a federal constitutional violation"); *Case v. Kitsap Cnty. Sheriff's Dep't,* 249 F.3d 921, 930 (9th Cir. 2001) (quoting *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997) ("[T]here is no § 1983 liability for violating prison policy. [Plaintiff] must prove that [the official] violated his constitutional right")); *see also*

---

[4] *See Holifield v. UNUM Life Ins. Co. of Am.*, 640 F. Supp. 2d 1224, 1234 n.8 (C.D. Cal. 2009) (finding it appropriate to take judicial notice of materials and publications from the CDC website); *Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670 SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008) (government agency websites are often treated as proper subjects for judicial notice) (citing cases).

*Muhammad v. Casillas*, No. 2:21-cv-0411 KJN P, 2023 WL 2245708, at *9 (E.D. Cal. Feb. 27, 2023) (concluding that plaintiff's Eighth Amendment claim that failure to transport him in an ADA truck with a wheelchair lift was not cognizable under § 1983).  Nor does mere negligence.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (negligence does not rise to the level of a constitutional violation).  Here, the officers were able to transport Plaintiff successfully between the units without a wheelchair van on at least one of the trips. Though the Court does not mean to suggest that officers should violate prison policies pertaining to the transport of inmates in wheelchairs, Plaintiff fails to point to any other evidence that would suggest that Villicana had a sufficiently culpable state of mind. The circumstance of the transport in and of itself does not support the inference that Villicana was deliberately indifferent. Thus, Plaintiff fails to establish that that Defendant Villicana deliberately disregarded a risk of harm to Plaintiff during his transport.

Next, the Court considers whether dropping or throwing the Plaintiff would rise to the level of deliberate indifference. Intentionally throwing or dropping a prisoner, particularly one who cannot walk unassisted, would constitute deliberate indifference. On the other hand, unintentionally dropping the Plaintiff, while arguably negligent, does not rise to the level of recklessness required by the deliberate indifference standard.  Here, Plaintiff fails to present evidence of such indifference because he never asserts, with any certainty, that he was intentionally thrown or intentionally dropped by Villicana. Rather, Plaintiff variously describes the officers' conduct that caused his injury as intentional *or* accidental. *See* Doc. 113 at 8 ("the Plaintiff was *intentionally* or *unintentionally* dropped or thrown to the inside of the unauthorized transport vehicle."); *id*. ("After physically being forced and *dropped* into the unauthorized transport vehicle," Plaintiff was transported.); *id*. at 9 (Plaintiff told other officers that "Officers Duran and Villicana had *dropped* Plaintiff"); Doc. 40 at ¶ 10 ("As the Defendants attempted to physically place Plaintiff in the transport van, the Plaintiff was dropped or thrown on the floor."); *id*. at ¶ 16 ("the defendants informed other ADOC staff that they had dropped and injured the Plaintiff."). Though the Court must take the Plaintiff's statements as true, such internal inconsistencies undermine

the plausibility of a claim of intentional conduct. *See UA Local 343 United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. Of U.S. & Canada, AFL-CIO v. Nor-Cal Plumbing, Inc*., 48 F.3d 1465, 1473 (9th Cir. 1994) (holding that internal inconsistencies in a party's own testimony fail to create a genuine issue of material fact); *see also Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir. 1975) (holding that "the necessity of choosing between the [appellants'] two conflicting versions" of a material fact does not defeat summary judgment). Consequently, the Court concludes that Plaintiff fails to meet his burden of presenting facts to establish deliberate indifferency by Villicana to Plaintiff's health or safety when he was dropped in the transport van on March 1, 2019. For the foregoing reasons,

**IT IS ORDERED** Defendant's Motion for Summary Judgment (Doc. 101) is **granted**, and the action is terminated with prejudice. The Clerk of Court must enter judgment accordingly.

Dated this 29th day of September, 2023.

_____
Jennifer G. Zipps
United States District Judge